### IN THE UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

**DEBBIE GAUGH** and **ZAN KIRBY,**
Individually and on behalf of themselves
and others similarly situated,

  Plaintiffs,

        v.                           No. _____
                                      **JURY DEMANDED**

**POSTAL FLEET SERVICES, INC.,**
**THE STAGELINE COMPANY,**
**VILANO EMPLOYMENT SERVICES, INC.,**
**LESLIE DON DORRIS,** individually**,**
**BRENDA DORRIS,** individually**,** and
**CRAIG R. GREGORY,** individually

                                     FLSA Opt-in Collective Action
Defendants.                             Rule 23 Class Action

## COLLECTIVE AND CLASS ACTION COMPLAINT

Debbie Gaugh and Zan Kirby ("Plaintiffs"), individually, and on behalf of themselves and other similarly situated current and former employees, bring this Fair Labor Standards Act ("FLSA") collective action and Fed. R. Civ. P. 23 class action against Postal Fleet Services, Inc., The Stageline Company, Vilano Employment Services, Inc., Leslie Don Dorris, Brenda Dorris, and Craig R. Gregory ("Defendants"), and allege as follows:

## I.     INTRODUCTION

1. This lawsuit is brought against Defendants as a collective action under the FLSA, 29 U.S.C. § 201, *et seq.,* to recover unpaid minimum wages owed to Plaintiffs and other similarly situated current and former employees who are members of a class as defined herein and currently or previously employed by Defendants.

1

2. This lawsuit is also brought against Defendants as a Fed. R. Civ. P. 23 class action, alleging breach of contract under the laws of the State of Tennessee to recover unpaid contractual wages owed to Plaintiffs and other similarly situated current and former employees who are members of a class as defined herein and currently or previously employed by Defendants.

## II.    JURISDICTION AND VENUE

3. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiffs' FLSA claims are based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court further has jurisdiction over the Fed. R. Civ. P. 23 class action claims under 28 U.S.C § 1367 because the claims are so related to claims in this action within this Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

4. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiffs were employed by Defendants in this district at all times relevant to this action, Defendants regularly conducted and continue to conduct business in this district, and have engaged and continue to engage in the wrongful conduct alleged herein in this district during all material times in this cause.

## III.    CLASS DESCRIPTIONS

5. Plaintiffs bring this Fed. R. Civ. P. 23(b)(3) class action on behalf of the following similarly situated individuals:

> All current and former workers who were employed by and performed work for the Defendants in the State of Tennessee during the time period of May 16, 2021 through May 28, 2021 and who were not paid wages owed by the Defendants (the "TN Rule 23 class").

6. Plaintiffs bring this FLSA collective action on behalf of the following similarly situated persons:

> All current and former workers who were employed by and performed work for the Defendants in the United States during the time period of May 16, 2021 through May 28, 2021 and who is a Named Plaintiff or elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b). ("the FLSA Class").

## IV.   **PARTIES**

7. Postal Fleet Services, Inc., ("PFS") is a Delaware for-profit Corporation with its corporate headquarters located at 2808 5th Street N, Suite 501, Saint Augustine, Florida 32084. According to its website, PFS operates a satellite office in Nashville, Tennessee. PFS is primarily engaged in transportation services for the United States Postal Service ("USPS") and has been an "employer" of Plaintiffs and the putative classes, as that term is defined in the FLSA, 29 U.S.C. §203(d), during the relevant period to this action. According to the Delaware Secretary of State, PFS, may be served through its registered agent for service of process: The Company Corporation, 251 Little Falls Drive, Wilmington, Delaware 19808.

8. The Stageline Company ("Stageline") is a sister company to PFS and is primarily engaged in transportation services for the USPS and jointly employed Plaintiffs and the putative classes. Stageline may be served with process through its registered agent, owner and President, Leslie Don Dorris at 2808 5th Street N, Suite 501, Saint Augustine, Florida 32084.

9. Defendant Vilano Employment Services, Inc. ("Vilano") is a sister company to PFS and primarily engaged in transportation services for the USPS and jointly employed Plaintiffs and the putative classes. Vilano may be served with process through its registered agent and Treasurer, Craig R. Gregory at 2808 5th Street N, Suite 501, Saint Augustine, Florida 32084.

10. Leslie Don Dorris was and is the owner and President of PFS, Stageline and Vilano.  Don Dorris has exercised operational control over PFS, Stageline and Vilano and was an "employer" of Plaintiffs and similarly situated employees, as that term is defined in the FLSA, 29 U.S.C. §203(d), during the relevant period to this action.

11. Brenda Dorris was and has been the Vice President of PFS, Stageline and Vilano and has been an "employer" of Plaintiffs and similarly situated employees, as that term is defined in the FLSA, 29 U.S.C. §203(d), during the relevant period to this action.

12. Craig R. Gregory was and has been the Treasurer of PFS, Stageline and Vilano and has been an "employer" of Plaintiffs and similarly situated employees, as that term is defined in the FLSA, 29 U.S.C. §203(d), during the relevant period to this action.

13. Named Plaintiffs were employed by Defendants in the Western District of Tennessee as truck drivers during the relevant period herein.

## V.   FLSA COLLECTIVE ACTION ALLEGATIONS

14. Defendants own and operate fleets of trucks, jeeps and other vehicles for providing dedicated surface transportation services for the USPS, among others.

15. Defendants employ truck drivers and mail carriers such as Plaintiffs and members of the putative classes.

16. Defendants have been the "employer" of Plaintiffs and those similarly situated within the meaning of 29 U.S.C. § 203(d), during all times material to this Complaint.

17. Defendants employed Plaintiffs and those similarly situated and were responsible for setting and administering wage and compensation policies related to them during the relevant period of time in question.

18. The decisions regarding the compensation of Plaintiffs and other members of the classes, and other terms of employment, were made through Defendants' centralized management, under the direction and control of their executives, officers and human resources personnel, including Don Dorris, Brenda Dorris and Craig Gregory.

19. Defendants have refused to pay Plaintiffs and other similarly situated workers any compensation at all for the pay period beginning May 16, 2021 through May 28, 2021 ("the relevant time period"). Accordingly, Defendants have refused to pay Plaintiffs and the classes wages for that time period. Specifically, Defendants have suffered and permitted Plaintiffs and members of the putative classes to perform work for Defendants during the relevant time period and then *refuse to compensate them all together.*

20. In fact, Defendants sent Plaintiffs and putative class members an email, attached as *Exhibit A*, where they state "[a]s some of you may have heard, Postal Fleet Services, Inc. ("PFS") and The Stageline Company ("Stageline") have an ongoing dispute with the United States Postal Service (the "USPS").  The USPS recently made the unilateral decision to setoff amounts they claim to have over-advanced on Direct Route Optimization contracts against amounts otherwise due to PFS and Stageline.  As a result of the USPS's nonpayment, PFS and Stageline will be unable to fund the May 16-28, 2021 payroll under the HCR and CDS contracts which the USPS cancelled effective May 28, 2021. We are preparing to sue the USPS for non-payment.  Unfortunately, it will likely take many months to resolve that claim. We apologize for the hardship we know this will cause. "

21. At all times material to this action, Plaintiffs and those similarly situated are or have been "employees" of Defendants as defined by Section 203(e)(1) of the FLSA and, who worked for Defendants within the territory of the United States during the relevant time period.

22. At all times material to this action, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00.

23. At all times material to this action, Defendants have been subject to the pay requirements of the FLSA because they are an enterprise in interstate commerce and its employees are engaged in interstate commerce.

24. Plaintiffs and all other similarly situated persons are current or former employees of Defendants.

25. The net effect of Defendants' aforementioned plan, policy and practice of requiring Plaintiffs and those similarly situated to perform work without compensating them the applicable FLSA minimum wage is that Defendants willfully failed to pay Plaintiffs and other class members at least the FLSA minimum wage rates of pay during the relevant time period, in order to save payroll costs and payroll taxes. As a consequence, Defendants have violated the FLSA and thereby have enjoyed ill-gained profits at the expense of Plaintiffs and others similarly situated.

26. Therefore, Plaintiffs and others similarly situated are entitled and, hereby seek, to a recovery of back pay, liquidated damages, attorneys' fees, interest, and other costs, fees and expenses from Defendants for all such aforementioned time that is available under the FLSA as it relates to minimum wage.

27. Although at this stage Plaintiffs are unable to state the exact amount owed to them and other members of the classes, they believe sufficient information will become available to them through discovery.

## VI.  **RULE 23 BREACH OF CONTRACT CLASS ACTION ALLEGATIONS**

28.  Defendants own and operate fleets of vehicles and has been providing trucking/distribution services to the USPS throughout the southeastern, midwestern and northeastern United States.

29. Defendants employs truck drivers and carriers, such as Plaintiffs and members of the putative TN Rule 23 Class.

30.  Defendants promised Plaintiffs and other putative TN Rule 23 Class members that they would be compensated at a certain hourly rate for the work they perform for the Defendants.

31. As explained above, Defendants failed to compensate Plaintiffs and putative TN Rule 23 Class members for the work they performed between May 16, 2021 and May 28, 2021.

32. Plaintiffs bring this case as a Fed. R. Civ. P. 23 Class Action on behalf of themselves, individually, and on behalf of other potential class members to recover unpaid contractual wages owed to them.  The proposed class of persons is defined as:

> All current and former workers who were employed by and performed work for the Defendants in the State of Tennessee during the time period of May 16, 2021 through May 28, 2021 and who were not paid wages owed by the Defendants (the "TN Rule 23 class").

33. The precise number of TN Rule 23 Class members can be easily ascertained by examining Defendants' payroll, scheduling, timekeeping, personnel, and other work-related records and documents.

34. Common questions law or fact common to the TN Rule 23 Class predominate over questions affecting only individual class members.  These common questions of law or fact are:

(a)     Whether a contract existed between Defendants and Plaintiffs and the putative TN Rule 23 Class;

7

(b)     Whether the members of the TN Rule 23 Class are entitled to wages from Defendants under Tennessee's law of contracts, quantum meruit, quasi-contract or unjust enrichment;

(c)     Whether Defendants paid members of the TN Rule 23 Class the wages they are owed for the relevant time period;

(d)     Whether the Defendants unlawfully breached their employment agreements with Plaintiffs and members of the putative TN Rule 23 Class;

(e)     The nature and extent of the TN Rule 23 Class-wide injury and the appropriate measure of damages for the TN Rule 23 Class;

35. As demonstrated by the allegations above, Plaintiffs' claims are typical of the TN Rule 23 Class' claims. These claims arose from the same employer pursuant to the same practices and policies, and the claims are based on the same legal theories.

36. The persons in the TN Rule 23 Class identified above are so numerous that joinder of all members is impracticable.

37. The TN Rule 23 Class members are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.

38. Plaintiffs are adequate class representatives. Plaintiffs were truck driver employees of Defendants who, like the TN Rule 23 Class, were not paid any wages for the relevant time period. Therefore, Plaintiffs have an interest in seeking recovery for the same types of damages that members of the TN Rule 23 Class would seek.

39. Plaintiffs' claims are typical of those claims which could be alleged by any member of the TN Rule 23 Class, and the relief sought is typical of the relief which would be sought by

each member of the TN Rule 23 Class in separate actions. All the Tn Rule 23 Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay all contractually agreed upon wages.

40. A class action is superior to other available methods for the fair and efficient adjudication of this litigation, particularly in the context of a breach of wage contract litigation like the present action, where an individual Plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions produce. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs. The members of the Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individuals in the Class are not *de minimis,* such damages are small compared to the expense and burden of individual prosecution of this litigation. Additionally, proceeding as a class action will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices. As a result, class treatment is a superior mechanism for resolving this dispute compared to the adjudication of individual litigation claims.

41. Plaintiffs know of no conflict of interest with the class of employees who worked for Defendants.

42. Current employees are often afraid to assert their rights out of fear of direct or indirect

retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing those risks.

43. Plaintiffs have hired the law firms of Weinman and Associates and Jackson, Shields, Yeiser, Holt, Owen & Bryant to pursue their claims for unpaid wages. Both firms focus a large share of their practice on wage and hour claims under the FLSA and applicable state laws. They have represented other employees asserting unpaid wage claims, and other compensable time, in numerous other class and collective action cases. They have also represented numerous other employees and employers all over the United States in wage and hour claims in numerous other types of wage cases.

44. The class action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy.  The expenses, costs, and burden of litigation suffered by individual other members of the class in a collective action are relatively small in comparison to the expenses, costs, and burden of litigation of individual actions, making it virtually impossible for other members of the class to individually seek address for the wrongs done to them.

45. Plaintiffs and other members of the TN Rule 23 Class have suffered and will continue to suffer irreparable damage from the unlawful policies, practices, and procedures implemented by Defendants.

**COUNT I**

**FAIR LABOR STANDARDS ACT VIOLATIONS – MINIMUM WAGE**
**(On Behalf of the FLSA Class)**

46. Plaintiffs, on behalf of themselves and other members of the FLSA Class, repeat and re-allege Paragraphs 1 through 45 above as if they were fully set forth herein.

47. At all times relevant herein, Defendants have been and continues to be an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 206(a) and 207(a).

48. Pursuant to Defendants' uniform compensation policies and the aforementioned allegations, they have failed to pay Plaintiffs and other members of the FLSA Class the applicable minimum wage rate as required by the FLSA for the relevant time period.

49. Because of Defendants' failure to pay Plaintiffs and other members of the FLSA Class for the aforementioned unpaid worktime, Plaintiffs and other members of the class have not received compensation equal to the applicable minimum wage rate of pay as required by the FLSA for the relevant time period.

50. For the relevant time period, Defendants' uniform plan, policy and practice of willfully failing to pay Plaintiffs and members of the FLSA Class at least the required minimum wage rate of $7.25 an hour results in Plaintiffs and FLSA Class members' claims being unified through common theories of Defendants' FLSA violations.

51. At all times relevant, Defendants have acted without a good faith basis and, have had actual knowledge, of willfully refusing to pay Plaintiffs and other members of the FLSA Class for all the applicable FLSA minimum wages they are entitled to.

52. As a result of Defendants' willful failure to compensate Plaintiffs and other members of the FLSA Class for at least the applicable minimum wage rate, they have violated and continue to violate the FLSA.

53. Plaintiffs and the other members of the FLSA Class are therefore entitled, and hereby seek, to recover compensation for unpaid minimum wages at an hourly rate required by the FLSA, and an additional amount as liquidated damages, together with interest, costs, and reasonable attorney's fees.

## COUNT II

### RULE 23 CLASS ACTION VIOLATIONS – BREACH OF CONTRACT
### (On Behalf of the Class)

54. Plaintiffs assert class breach of contract claims because Defendants entered into valid and enforceable contracts with them pursuant to Tennessee law, and with each member of the proposed Rule 23 class, pursuant to which Defendants were to pay a specified hourly rate for each hour worked. Plaintiffs further assert that they and the TN Rule 23 Class members duly performed as agreed, but that Defendants breached the contract by failing to pay them any wages during the relevant time period.

55. In the alternative to the breach of contract class claims, Plaintiffs assert a quantum meruit/unjust enrichment claim that they and each member of the proposed TN Rule 23 Class provided valuable services to Defendants, that Defendants accepted those services, and that Defendants had reasonable notice that class members expected to be compensated for their services furnished to Defendants. The reasonable value of the services provided and not paid for by Defendants with respect to the TN Rule 23 Class is the difference between the difference between the minimum wage they are owed under the FLSA and the hourly rate they were promised by Defendants.

## PRAYER FOR RELIEF

Whereas, Plaintiffs, individually, and/or on behalf of themselves and all other similarly situated members of the class, request this Court to grant the following relief against Defendants:

A.    Designation of this cause as a collective action on behalf of the class and promptly issue notice pursuant to 29 U.S.C. § 216(b), apprising class members of the pendency of this action and permitting other members of the class to assert timely FLSA claims;

B.    For an Order finding Defendants liable under the FLSA for unpaid minimum wages due to Plaintiffs (and those who have joined in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs;

C.    For certification of and notice to the FLSA Class and TN Rule 23 Class, as further defined and determined by motions practice, and to properly inform them of their rights;

D.    An award of damages associated with Defendants' breach of contract;

E.    An award of all contractually agreed to wages;

F.    For an Order finding that Defendants' violations of the FLSA were willful.

G.    An award of prejudgment and post-judgment interest at the applicable legal rate to Plaintiffs and other members of the classes;

H.    An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiffs and other members of the classes;

I.    Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a **TRIAL BY JURY** on all issues so triable.

Dated:  June 18, 2021

Respectfully Submitted,

 *s/J. Russ Bryant*
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR # 35364)
Robert E. Morelli, III (TN BPR #037004)
**JACKSON, SHIELDS, YEISER, HOLT
OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Tel: (901) 754-8001
Fax: (901) 759-1745
*rbryant@jsyc.com*
*rturner@jsyc.com*
*rmorelli@jsyc.com*

&

**WEINMAN & ASSOCIATES**
Michael L. Weinman
101 N. Highland Ave.
P.O. Box 266
Jackson, Tennessee  38302
Tel: (731) 423-5565
Fax: (731) 423-5450
*mike@weinmanthomas.com*

*Attorneys for the Named Plaintiffs, on behalf of
themselves and all others similarly situated*